Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5288 - (94 CR 339) | **DATE** | 10/13/2000 |
| **CASE TITLE** | KURT CARGLE vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Kurt Cargle's motion to vacate, correct or set aside his sentence [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 16 2000 | 7 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 10/13/2000 |
| sb | courtroom deputy's initials | 00 OCT 13 PM 7:14 | date mailed notice |
| | | Date/time received in central Clerk's Office | jad mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KURT CARGLE, )
)
           Plaintiff, ) No. 00 C 5288 (94 CR 339)
)
v. ) Suzanne B. Conlon, Judge
)
UNITED STATES OF AMERICA, )
)
           Defendant. )
)

**DOCKETED**
**OCT 1 6 2000**

## MEMORANDUM OPINION AND ORDER

Defendant Kurt Cargle moves to vacate, set aside, or correct his 168 month sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

**I    Trial and direct appeal**

On May 31, 1994, Kurt Cargle, along with nine co-defendants, was charged with various narcotics offenses. The charges included possession of cocaine with intent to distribute, use of telephones to facilitate narcotics offenses, and conspiring to possess and distribute narcotics. On July 12, 1994, Cargle pled guilty to the conspiracy charges pursuant to a written plea agreement. The agreement required Cargle to provide "full and truthful cooperation" and "complete and truthful information." In return, the prosecutor promised to move for a downward departure from the sentencing guideline range under U.S.S.G. § 5K1.1.

Cargle stated in his written plea agreement, and again in open court, that he began buying cocaine from co-defendant Ronald O'Neal in April 1991 and purchased at least 43 kilograms of the drug. Later, however, Cargle said he did not start buying cocaine until the fall of 1991 and purchased

no more than 28 kilograms. Cargle later offered to testify to whichever story the prosecutor preferred and to make sure he and another potential witness "had their stories straight." The prosecutor, deeming Cargle's story untruthful and uncredible, did not call Cargle as a witness and declined to move for a downward departure from the applicable sentencing guidelines.

On October 6, 1994, Cargle filed a motion to compel specific performance of the plea agreement by the prosecutor, denying he had violated the cooperation requirement in his plea agreement. After conducting an evidentiary hearing, this court denied Cargle's motion on February 8, 1995 and sentenced him to 168 months imprisonment. The Seventh Circuit affirmed Cargle's conviction and sentence. United States v. Smith, 107 F.3d 13 (7th Cir. 1997). On May 27, 1997, the Supreme Court denied Cargle's petition for a writ of *certiorari*. Cargle v. United States, 520 U.S. 1248 (1997).

## II  Post-conviction proceedings

### A  Section 2241 petition

On November 16, 1998, Cargle, along with co-defendants Eugene Washington, Linda Hardison and Tony Hamilton, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. United States ex rel. Eugene Washington v. United States, 98 C 7369 (N.D. Ill. 1998) (Holderman, J.). On December 14, 1998, the petition was dismissed because § 2241 was not applicable. The court ruled petitioners' sole remedy was a § 2255 motion. Id. On January 7, the defendants moved for reconsideration of the dismissal order. On February 12, 1999, Judge Holderman denied the motion for reconsideration. The Seventh Circuit upheld the district court's dismissal of the § 2241 motion. Washington v. United States, No. 99-2043 (7th Cir. April 4, 2000).

2

**B      Section 2255 Motion**

On August 28, 2000, Cargle filed this § 2255 motion. The motion raises as grounds for post-conviction relief:

> Conviction obtained plea of guilty which was violated by the prosecution based on misrepresentation of facts. Movant has obtained Newly Discovered Evidence that exonerates his guilt. Prosecution claimed defendant was misrepresenting his conduct in the charged narcotics conspiracy. Three days prior to the start of the First trial, defendant was abrogated from testifying pursuant to statements made to one of the Asst. U.S. Attorneys regarding corroboration of testimony. New Evidence exonerates the defendant's conduct and should reenstate (sic) the original plea.

The government argues that Cargle cannot collaterally attack his guilty plea and that he is not entitled to specific performance of the plea agreement.

## **DISCUSSION**

**I      Collateral attack on guilty plea**

To the extent that Cargle now attacks his guilty plea, the claim must fail. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523 U.S. 614, 621 (1998). Cargle does not argue his counsel was incompetent. Nor does he allege his guilty plea was involuntary or uninformed. This collateral attack on his guilty plea must be rejected.

**II      Specific performance of plea agreement**

To the extent Cargle claims he is entitled to specific performance of his plea agreement, the government argues this issue is time-barred and has already been decided on direct appeal.

## A     Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 and placed a one-year statute of limitations on the filing of motions under § 2255. The limitations period begins to run from:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A judgment becomes final for the purposes of § 2244(d)(1)(A) when the Supreme Court denies petition for *certiorari*. Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998). Thus, Cargle's judgment of conviction became final on May 27, 1997. The AEDPA one-year statute of limitations expired on May 27, 1998. Cargle filed this motion on August 18, 2000 and it is thus time-barred under § 2244(d)(1)(A).

It is not clear, however, that the motion is untimely under § 2244(d)(1)(D). Cargle's claim rests on an affidavit executed by Ronald O'Neal. § 2255 Motion ("Mot."), Ex. K. According to Cargle's motion, the O'Neal affidavit was received by Eugene Washington on August 30, 1999. The certificate of service represents that Cargle's motion was mailed on August 18, 2000. Because it is unclear whether this motion was filed within the AEDPA statute of limitations, the court considers the government's alternative argument that Cargle's attempt to enforce the plea agreement has previously been rejected on direct appeal.

4

## B  Issue decided on direct appeal

Cargle argued in his direct appeal that the trial court erred in denying his motion for specific performance of his plea agreement. The Seventh Circuit rejected this argument. Smith, 107 F.3d at 13. Although *res judicata* does not apply in § 2255 proceedings, "the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior § 2255 proceedings." Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995). In the absence of changed circumstances of fact or law, this court will not reconsider an issue previously decided on direct appeal. Id.

Cargle has not identified any changed circumstance of law that would entitle him to relief. The only changed circumstance of fact he alleges is the O'Neal affidavit. This affidavit states O'Neal's present recollection is that he began dealing in drugs with Cargle approximately six months after April 1991. Mot., Ex. K. The affidavit further states that Cargle was not the only person using code number 133 in the narcotics organization, and therefore "the number of deals that appear on the ledger would be more than the number of deals that I testified too." Id. None of this information amounts to relevant changed factual circumstances.

This court held an evidentiary hearing on the issue of whether Cargle had made inconsistent and conflicting statements to the government concerning the quantity of cocaine he purchased and when he began engaging in narcotics transactions with O'Neal. The evidence at the hearing established that Cargle had given at least two different answers to these questions. In his written plea agreement, and again under oath in open court, Cargle stated he began buying cocaine from O'Neal in April 1991 and purchased over 43 kilograms of the drug. Later, Cargle stated he did not start buying cocaine until the fall of 1991 and that he purchased no more than 28 kilograms.

These statements were *per se* inconsistent and conflicting. Nothing in the O'Neal affidavit changes this conclusion. At best, the affidavit could make one of Cargle's statements true and the other false. The statements would still be inconsistent and conflicting. Thus, the affidavit does not change this court's conclusion that Cargle failed to cooperate fully and truthfully with the government. This constituted a breach of the plea agreement.

In sum, the information in the O'Neal affidavit is irrelevant to the issue of whether Cargle made inconsistent and conflicting statements to the government. Further, O'Neal never testified at the evidentiary hearing, so the court did not rely on any information furnished by O'Neal in its ruling.

## III   Inaccurate information at sentencing

Cargle argues he was sentenced based on inaccurate information, apparently referring to the quantity of drugs he was held accountable for under the sentencing guidelines. Mot., 10-11. Cargle acknowledged in open court that he was accountable for between 50 to 150 kilograms of cocaine. Gov't. Resp., Ex. B at 4. Having made this acknowledgment voluntarily and intelligently, and with the advice of competent counsel, Cargle may not now recant this admission on collateral review. Bousley, 523 U.S. at 614.

## IV   Evidentiary hearing

Cargle requests an evidentiary hearing before this court. A § 2255 motion should be dismissed without a hearing "if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Dugan v. United States, 18 F.3d 460, 464 (7th Cir. 1994). Cargle fails to allege facts that would, if proven, entitle him to relief. Further, all necessary evidence, including O'Neal's affidavit, is a part of the record. An evidentiary hearing is unnecessary to decide this motion.

## **CONCLUSION**

For the foregoing reasons, defendant Kurt Cargle's § 2255 motion to vacate, correct or set aside his sentence is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 13, 2000